```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

James W. Smith, et al.,            :

    Plaintiffs,                :

  v.                               :      Case No. 2:06-cv-0893

Grady Memorial Hospital, et al.,:      JUDGE WATSON

    Defendants.                :

                    REPORT AND RECOMMENDATION

On October 5, 2006 plaintiffs James W. Smith and Brenda C. Lockhart filed a wrongful death action in this Court against defendants Grady Memorial Hospital, Dr. Hammett and Dr. Lin and requested leave to proceed *in forma pauperis*. The case is before the Court for an initial screening pursuant 28 U.S.C. §1915. For the following reasons, the Court recommends that the complaint be dismissed for lack of subject-matter jurisdiction.

                                I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See, Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."

Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

## II.

A federal court is a court of limited jurisdiction; that is, not every lawsuit which alleges a legal claim can be filed in a federal court. Rather, this court may hear cases only if the kind of case the plaintiffs wish to bring is described in Article III of the United States Constitution and if Congress has granted the Court the authority to hear the case. Other cases falling outside the jurisdiction of the federal courts can be filed in a court of general jurisdiction, such as the state court.

In order for a federal court to hear a case, the court needs both personal jurisdiction and subject-matter jurisdiction. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999)("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them"). At issue in this case is whether the Court has subject-matter jurisdiction.

Mr. Smith and Ms. Lockhart have pleaded a claim that arises under Ohio state law, e.g. wrongful death. Federal courts usually decide cases that involve an issue of federal law, and can hear state law cases only in very specific circumstances. Consequently,

the Court has subject-matter jurisdiction over a state-law case only if the requirements of 28 U.S.C. §1332(a), the statute that allows for jurisdiction over such cases, are satisfied.  That statute states, in relevant part, that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... *citizens of different States* ....

28 U.S.C. §1332(a)(1) (emphasis supplied).

Here, the complaint states that Mr. Smith and Ms. Lockhart are residents of Delaware County, Ohio.  The complaint also indicates that "[d]efendants are doing business in Ohio ..." (Complaint at p. 1.), and the address given for the defendants is in Delaware, Ohio.  Accordingly, it appears this case does not meet the requirements of §1332(a) because Mr. Smith, Ms. Lockhart, Dr. Hammett, Dr. Lin, and Grady Memorial Hospital are all citizens of Ohio.  The federal court has no authority under either the relevant jurisdictional statute or the Constitution to decide disputes involving citizens of the same state that arise only under state law.

It appears from the face of the complaint that the Court lacks subject-matter jurisdiction.  Thus, the case should be dismissed without prejudice to the plaintiffs' ability to file suit in a court which would have jurisdiction over their claims, such as a state court.

## III.

For the foregoing reasons, the Court RECOMMENDS that the complaint be DISMISSED WITHOUT PREJUDICE for lack of subject-matter

jurisdiction and that a copy of the complaint and the Court's dismissal order be mailed to the defendants.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge

4